## Case No. 16,342b.

UNITED STATES v. SMITH.

UNITED STATES v. OGDEN.

[MS.]

Circuit Court, D. New York. July, 1806.

CRIMINAL LAW—ACT JUNE 5, 1794—MILITARY EXPEDITION AGAINST NATION AT PEACE—JURY.

[1. Following U. S. v. Smith, Case No. 16,342a.]

[2. A juror who has sat on the trial of a person indicted for the same offence as defendant is not competent.]

[Trial of Samuel G. Ogden on indictment for a misdemeanor in beginning, setting on foot, and providing the means for a military expedition in the city of New York, to be carried on from thence against the territory of Spain in South America, at a time when the United States and Spain were at peace. A plea to the indictment on the ground that it was founded on illegal evidence was overruled (see Case No. 16,341a), and a motion for attachments against absent witnesses and for a continuance was also denied (see Case No. 16,342). On the drawing of the jury, one juror asked to be excused, on the ground that he had been a juror on the trial of William S. Smith, indicted for the same offence, whereupon the court excused him as not being a competent juror, notwithstanding the objections of defendant's counsel. Substantially the same evidence was introduced and offered in this case as in the case of U. S. v. Smith, Case No. 16,342a.]

Nathan Sandford, Dist. Atty., and Pierpont Edwards, for the United States.

Washington Morton, Cadwallader D. Colden, Josiah Ogden Hoffman, Thomas Addis Emmett, and Richard Harison, for defendant.

TALLMADGE, District Judge, proceeded to charge the jury. The points of law that arose in the progress of this trial, being precisely the same as those raised and determined on the trial of Col. Smith (Case No. 16,342a), the judge's charge was the same in substance, as reported in that trial; and after a careful collation of the testimony, which his honour told the jury was, in his mind, clear and decisive against Mr. Ogden, as having provided and prepared the means within the United States of a military expedition, to be carried on from thence against the dominions of some foreign power, he closed his charge by observing, that the defendant's agency in preparing the means, the nature of the expedition, and its destiny, were facts of which the jury were the proper and only judges. That whether the United States, at the time the offence is charged, were at peace or in war, is matter of law, and as such ought to be decided by the court. The jury might conscientiously rely upon its correctness, and were under no necessity to assume a responsibility beyond a determination of matters properly within their decision.

The jury retired, and, after a short absence, returned a verdict of not guilty.

## Case No. 16,343.

UNITED STATES v. SMITH.

[2 Wash. C. C. 310.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

SMUGGLING—EVIDENCE.

1. The defendant was indicted for unlading from a vessel in the port of Philadelphia, three bags of coffee, without authority from the proper officer of the customs. The coffee was taken at night in a boat from the vessel, and part put on the wharf, the rest being in the boat; but on discovery, it was returned to the vessel. The court decided that this was not a landing within the act of congress, of March 2, 1799 [1 Stat. 627].

[Cited in U. S. v. The Express, Case No. 15,066.]

2. The twenty-seventh section of the act applies only to the captain or mate of the vessel.

The defendant was indicted for unlading from a vessel, which had arrived at the port of Philadelphia, three bags of coffee, without being duly authorized by the proper officer of customs to unlade the same, &c. It was proved, that the defendant was seen to bring from the vessel in a boat, in the night time, three bags of coffee, which he had got only in part on the wharf, the other half of the bags lying on the gunwales of the boat, when the witness discovered himself. The defendant then took back the bags, and returned them to the vessel.

THE COURT informed Mr. Dallas, that this was not a landing of the coffee, so as to constitute an offense under the fiftieth section of the law; nor is the defendant charged with landing it. The twenty-seventh section, which makes the unlading an offence, applies only to the captain and mate.

THE COURT directed the jury to acquit the defendant, which they accordingly did.